IN THE UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

| | |
|---|---|
| VERNON BRANDON and LA-ASIA MANUEL,<br><br>Plaintiffs,<br><br>v.<br><br>AMERICAN EXPRESS,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>) Civil Action No._____<br>)<br>)<br>)<br>)<br>) |

## NOTICE OF REMOVAL

Defendant American Express National Bank ("American Express"), erroneously sued as American Express, hereby removes the above-captioned action pending in the Superior Court, Judicial District of Stamford at Stamford (Case No. FST-CV25-5031811-S) (the "Action"), to the United States District Court for the District of Connecticut, pursuant to 28 U.S.C. §§ 1331, 1367, 1441, and 1446, and as grounds for removal states as follows:

The Complaint and accompanying documents filed in the Action in the Superior Court, Judicial District of Stamford at Stamford are attached hereto as **Exhibit A**. *See* 28 U.S.C. 1446(a).

The Action is a civil action of which this Court has original jurisdiction under 28 U.S.C. § 1331 and is one which may be removed to this Court by American Express pursuant to 28 U.S.C. § 1441(a). Pursuant to 28 U.S.C. § 1331, original jurisdiction of the district courts includes jurisdiction over "all civil actions arising under the Constitution, laws, or treaties of the United States." "An action may 'arise under' a law of the United States if the plaintiff's right to relief necessarily turns on construction of federal law." *Bright v. Bechtel Petroleum, Inc.*, 780 F.2d 766, 769 (1986) (citing *Franchise Tax Bd. of Cal. v. Constr. Laborer's Vacation Trust*, 463

{W3684010}

U.S. 1, 9 (1983)).  Stated differently, claims "arise under" federal law when a "well-pleaded complaint establishes . . . that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law, in that federal law is a necessary element of one of the well-pleaded . . . claims."  *Christianson v. Colt Indus. Operating Corp.*, 486 U.S. 800, 808 (1988) (quoting Franchise Tax Bd., 463 U.S. at 13, 27–28) (internal quotation marks and citations omitted).  Here, plaintiffs Brandon Vernon and La-Asia Manuel ("Plaintiffs") allege violation of the Fair Credit Reporting Act, 15 U.S.C. § 1681 et seq. ("FCRA"), a claim that is created by, and arises under, federal law.  See, e.g., Exhibit A at ¶¶ 15-16 (asserting a claim against American Express under the FCRA).

This Court has supplemental jurisdiction over the state law claim included in the Complaint under 28 U.S.C. § 1367.  Plaintiffs' state law claims for negligence and defamation are "so related to claims in the action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution."  *Id.*; *see also Exxon Mobil Corp. v. Allapattah Servs., Inc.*, 545 U.S. 546, 563 (2005) ("Once the case was removed, the District Court had original jurisdiction over the federal-law claims and supplemental jurisdiction under § 1367(a) over the state-law claims.").

This Notice of Removal is timely filed because it is not being filed more than thirty days after appearance of counsel was entered for American Express.  The Complaint was filed on February 3, 2025, but service was never properly effectuated on American Express.  An evidentiary hearing was held before Judge Edward Krumeich on May 19, 2025, at which appearance of counsel was entered for American Express.  Thus, removal is timely because American Express is filing this Notice of Removal within thirty days of appearance of counsel for American Express.

American Express is the only named defendant in this action and it is not aware of any other defendants that have been named in, or served with, the Complaint. Accordingly, consent of removal is not necessary and removal is proper pursuant to 28 U.S.C. § 1446(a) & (b).

Venue is proper in this Court and division because the United States District Court for the District Connecticut is the "district and division within which [the state] action is pending." *Id*. § 1446(a).

American Express will promptly file a copy of this Notice of Removal with the Clerk of the Superior Court, Judicial District of Stamford at Stamford, in accordance with 28 U.S.C. § 1446. American Express will serve all properly joined parties with copies of this Notice of Removal and the Notice filed in state court.

WHEREFORE, American Express requests that this action be removed from the Superior Court, Judicial District of Stamford at Stamford, to the United States District Court for the District of Connecticut, pursuant to this Notice of Removal, and that the Court assume jurisdiction over this action.

Dated: June 16, 2025

By:   */s/ Jeffrey M. Beck*
Jeffrey M. Beck (ct31564)
Carmody Torrance Sandak & Hennessey LLP
50 Leavenworth St.
Waterbury, CT 06702
Telephone: (203) 575-2637
Facsimile: (203) 575-2600
JBeck@carmodylaw.com

*Counsel for Defendant*
*American Express National Bank*

{W3684010}                                   3

## **CERTIFICATE OF SERVICE**

I HEREBY CERTIFY that on June 16, 2025, I caused to be served the foregoing NOTICE OF REMOVAL on the following individual via U.S. Mail and email:

Brandon Vernon and La-Asia Manuel, *pro se*
23 Hanover Street
Bridgeport, CT 06604
brandonvernon39@gmail.com

                                                   */s/ Jeffrey M. Beck*
                                                   Jeffrey M. Beck